## CHARLES JONES

### v.

## FRANK H. DUNTON.

TIME TO FILE RECORD.—Where a record is not filed in this court within the time limited by the statute for filing the same, the appellant has no standing in court, and the appeal must be dismissed.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed March 2, 1880.

Mr. ROBERT F. WINSLOW and Mr. EMERY M. WOOD, for appellant.

BAILEY, P. J. The judgment in this case was rendered in the court below on the 21st day of November, 1878, and on the same day an appeal to this court was prayed and granted, and an appeal bond was subsequently filed in accordance with the order of the court granting the appeal. The transcript of the record was not filed in this court until the 10th day of the October Term, 1879. Between the date of the judgment and the filing of the transcript, the March Term, 1879, of this court had intervened. The cause was argued and submitted on the part

of the appellant, on the regular call of the docket of the October Term, but the appellee did not appear or join in error. The question arises, whether, under such circumstances, this court should entertain the appeal and adjudicate upon the errors assigned.

The statute in force at the time the appeal was taken provided that where twenty days intervened between the date of the judgment appealed from and the sitting of this court, an authenticated copy of the record of such judgment should be filed in the office of the clerk of this court on or before the second day of the succeeding term, otherwise that the appeal should be dismissed. By an amendment to said statute, which went into force July 1st, 1879, it is provided that the said twenty days shall be computed from the last day of the term at which the judgment is rendered, instead of the date of the judgment; but it provides as did the former statute, that if the transcript of the record is not filed in this court within the time limited, the appeal shall be dismissed, unless further time shall have been granted by the court, upon good cause shown, for filing the same.

There is no pretense that any extension of time for filing the transcript has been granted in the present case. The record should have been here on or before the second day of the March Term, 1879. As it was not filed at that time, the mandate of the statute is that the appeal shall be dismissed. The Supreme Court has uniformly held that where the appellant desires an extension of the time for filing the record, the motion for such extension must be both made and decided before the time prescribed by the statute for filing the record has expired, and that after the expiration of the time limited, the appellate court has no power to grant the extension. It seems to follow, upon the same principle, that where the record is not filed in time, and no extension is obtained, the appellate court has no power to entertain the appeal, at least in the absence of the appellee, and pass judgment upon the record.

In Palmer v. Gardiner et al. 77 Ill. 143, it was held that where appellant fails to file a transcript of the record within the time prescribed by the statute, he loses all right to further prosecute

his appeal. The appellant, then, in this case, has no standing in this court, and as he has himself furnished us with the proof of his failure to file the record, as required by the statute, it becomes our duty to dispose of the case by dismissing the appeal at his costs.

Appeal dismissed.